**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

JAMIE FREDERICKS; ESTATE
OF TYDE ALLEN WOODY; and
MINDY LEWIS, ON BEHALF OF
THE WRONGFUL DEATH
BENEFICIARIES OF TYDE
ALLEN WOODY                                                        PLAINTIFFS

v.                                                        CAUSE NO. 1:25cv222-LG-BWR

GH CRANES & COMPONENTS
USA, INC.; OMI CRANE
SYSTEMS, INC.; and JINDAL
TUBULAR USA, LLC                                                   DEFENDANTS

<u>**ORDER GRANTING JINDAL TUBULAR USA, LLC'S MOTION TO DISMISS**</u>

Jamie Fredericks and Tyde Allen Woody were seriously injured when a stack of pipes collapsed on Defendant Jindal Tubular USA, LLC's property on January 19, 2024. Woody died from his injuries, and Fredericks was left disabled. Jindal filed the present [30] Motion to Dismiss, claiming immunity pursuant to the Mississippi Workers' Compensation Act ("MWCA"). The parties have fully briefed the Motion. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Jindal's Motion should be granted.

**BACKGROUND**

Fredericks and Woody were employees of staffing agencies that assigned them to work for Jindal, which is "a manufacturer and supplier of steel pipes and/or tubing for industrial use." 2d Am. Compl. [23] at 4. According to the Second Amended Complaint, Fredericks and Woody "were ordered to 'extend the bay,'

which was comprised of heavy steel pipe 36" in diameter, 40 feet in length, and weighing 4 tons each, stacked 9 high." *Id.* While they were extending the bay, "the pipes collapsed[,] trapping them and crushing their bodies." *Id.* at 4–5. Plaintiffs claim that Jindal knowingly provided an unsafe work environment because previous accidents occurred "involving the stability of pipe stacks." *Id.* at 5. They further allege, "The Plaintiffs' injuries and death were caused by the fault, gross negligence, willful and intentional misconduct, carelessness, and omission of duty on the part of Defendant, JINDAL." *Id.* at 6. Unfortunately, Plaintiffs' Second Amended Complaint is a shotgun pleading, but it appears they are attempting to assert negligence and gross negligence claims against Jindal, as well as some form of intentional tort.

Jindal claims that it was the employer of Fredericks and Woody, and it seeks dismissal pursuant to MWCA. However, Plaintiffs claim that the MWCA does not bar their claims because Jindal's acts were intentional and/or the dual capacity doctrine applies because Jindal manufactured chocks used to secure the pipes.[1]

## DISCUSSION

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Furthermore, "[a] party must state its claims . . . in numbered

---

[1] Plaintiffs concede that the Mississippi Supreme Court has rejected the dual capacity doctrine. Pls.' Resp. Mem. [35] at 8 (citing *Trotter v. Litton Systems*, 370 So. 2d 244, 247 (Miss. 1979)). As a result, it is not necessary for the Court to address Plaintiffs' allegation that Jindal is liable for manufacturing a defective product.

paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[P]leadings . . . violate Rule 10(b) if the theory and basis of counts are not distinguishable or if it is difficult to discern the legal claims asserted." *Desoto Grp., LLC v. Linetec Servs., LLC*, 339 F.R.D. 249, 251 (S.D. Miss. 2021). "Complaints that violate Rule 8(a)(2) or Rule 10(b), or both are sometimes referred to as 'shotgun pleadings.'" *Goodnight Terminal Servs., Inc. v. ASG Chem. Holdings, LLC*, No. 1:24-CV-306-HSO-BWR, 2026 WL 360915, at *5 (S.D. Miss. Feb. 9, 2026) (citation modified).

Under Rule 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). Thus, "claims may be dismissed under Rule 12(b)(6) 'on the basis of a dispositive issue of law.'" *Jackson v. U.S. Dep't of Hous. & Urb. Dev.*, 38 F.4th 463, 466 (5th Cir. 2022) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326 (1989)). "Dismissal under Rule 12(b)(6) also is warranted if the complaint does not contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (citation modified). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Lampkin v. UBS Fin. Servs., Inc.*, 925 F.3d 727, 733 (5th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

When deciding a Rule 12(b)(6) Motion, a court "accept[s] all well-pleaded facts as true and review[s] them in the light most favorable to the plaintiff." *Sanders-Burns v. City of Plano*, 594 F.3d 366, 372 (5th Cir. 2010). Generally, courts

can only consider the facts set forth in the complaint and its attachments.

*Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766–67 (5th Cir. 2016).

The parties agree that Fredericks and Woody were "dual employees" of Jindal

and a staffing agency.  *See* Pls.' Mem. [35] at 4; Def.'s Mem. [31] at 5.  Jindal claims

that Plaintiffs' claims are therefore barred by the MWCA, which provides:

> [T]he liability of an employer to pay compensation shall be exclusive
> and in place of all other liability of such employer to the employee, his
> legal representative, husband or wife, parents, dependents, next of kin,
> and anyone otherwise entitled to recover damages at common law or
> otherwise from such employer on account of such injury or death[.]

Miss. Code Ann. § 71-3-9(1).  The Act defines "injury" to mean "accidental injury or

accidental death . . . ."  Miss. Code Ann. § 71-3-3(b).  Thus, the Act does not provide

the exclusive remedy for injuries caused by intentional acts.  *Blailock v. O'Bannon*,

795 So. 2d 533, 535 (Miss. 2001).

> [F]or a tort claim against an employer to fall outside the MWCA and
> survive Rule 12(b)(6) dismissal, a plaintiff must allege that the actions
> of the employer went beyond negligence, gross negligence, or
> recklessness.  In order to succeed on such a claim, the plaintiff must
> allege and prove that the employer acted *with an actual intent to injure
> the employee*, with full knowledge that the employee would be injured
> and with the purpose of the action being to cause injury to the
> employee.

*Bowden v. Young*, 120 So. 3d 971, 976 (Miss. 2013) (emphasis added).  "Essentially,

if the facts alleged or proven point to negligence, gross negligence, or recklessness,

despite an allegation of actual intent, [the court] will find that workers'

compensation is the sole avenue for relief for the aggrieved party."  *Id.* at 977.  "It is

not enough . . . that the employer's conduct leading to the injury consists of . . .

knowingly permitting hazardous conditions to exist or willfully failing to furnish a

safe place to work or knowingly ordering the employee to perform a dangerous job."

*Griffin v. Futorian Corp.*, 533 So. 2d 461, 464 (Miss. 1988) (citation modified).

Here, Plaintiffs present the following facts in an effort to assert an

intentional tort claim against Jindal:

> At the time of this incident, Defendant JINDAL, knew or should have known of the hazards created by the unsafe work environment to which Plaintiffs, JAMIE FREDERICKS and TYDE ALLEN WOODY, were subjected. Reports from the United States Occupational Safety and Health Administration ("OSHA") state that on September 7, 2019, an employee was exposed to a crushing hazard due to a mechanical failure causing a pipe to move on a V-Roller Line. These reports further state that on March 18, 2023, an employee was pinned between two pipes, resulting in a broken pelvis, after a crane operator lifted a pipe from the bottom row of a stack. Additionally, lawsuits filed in 2021 and 2022 against JINDAL plead facts alleging serious injuries due to the hazards posed by unsafe work conditions. These previous incidents show that JINDAL was aware of unsafe practices involving the stability of pipe stacks.

2d Am. Compl. [23] at 5. The two cases mentioned by Plaintiffs are *Moore v. Jindal*

*Tubular USA, LLC*, No. 1:21-cv-00383-TBM-RHWR (S.D. MS. Nov. 30, 2021), and

*Gammage v. Jindal Tubular USA, LLC*, No. 1:22-cv-00207-TBM-RPM (S.D. MS.

Aug. 10, 2022). In *Moore*, the plaintiff alleged that he was injured when a crane

dropped a cylinder on him while he was repairing a dump-station underneath it.

And in *Gammage*, the plaintiff alleged that pipes that he was welding together

became loose, puncturing his stomach and causing his body to become trapped

between two pipes.

Plaintiffs claim that the intentional tort exception applies because this case is

similar to *Franklin Corp. v. Tedford*, 18 So. 3d 215, 232 (Miss. 2009), *holding*

*modified on other grounds by In re Mississippi Medicaid Pharm. Average Wholesale*

*Price Litig.*, 190 So. 3d 829 (Miss. 2015). As the Mississippi Supreme Court explained while distinguishing *Franklin* in a subsequent case, " [the *Franklin*] plaintiffs were forced to spray toxic adhesive into a small, unventilated wooden box." *Bowden*, 120 So. 3d at 979. Therefore, "the facts and testimony of the employees showed actual intent to injure on the part of the employers sufficient to overcome the exclusivity provision of the MWCA." *Id.* at 978. The *Franklin* court "declined to extend the 'actual intent' standard to include behavior engaged in by the employer which was 'substantially certain to' injure the employees." *Id.* (citing *Franklin*, 18 So. 3d at 244–45 (Dickinson, J., specially concurring)). And six Mississippi Supreme Court justices agreed that the intentional tort exception does not apply "absent the employer's *deliberate intent and design to injure* the employee." *Id.* (emphasis in original) (citing *Franklin*, 18 So. 3d at 245 (Dickinson, J., specially concurring)). Thus, the *Franklin* employer displayed intent to injure its employees by forcing them to spray toxic chemicals in an unventilated area. Injury was bound to occur in that circumstance.

Here, however, the facts alleged by Plaintiffs do not indicate that Jindal's employees will necessarily be injured when working in its yard. While the yard may be dangerous, Jindal's employees are capable of working there without suffering injury. Furthermore, Plaintiffs have not specifically alleged that Jindal actually intended to injure Fredericks and Woody. Finally, Plaintiffs vaguely allege intentional conduct without specifically identifying any intentional tort in their

Second Amended Complaint.[2]  As a result, all of the claims alleged by Plaintiffs are barred by the exclusivity provision of the MWCA.

**CONCLUSION**

The allegations in Plaintiffs' Second Amended Complaint do not support a finding that Jindal acted with an actual intent to injure Fredericks and Woody.  As a result, Plaintiffs' claims against Jindal are barred by the MWCA.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Jindal Tubular USA, LLC's [30] Motion to Dismiss is **GRANTED**.  Plaintiffs' claims against Jindal Tubular USA, LLC, are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 13th day of April, 2026.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Jindal argues that Plaintiffs' alleged intentional tort claim is essentially an assault and battery claim.  Plaintiffs deny that they have alleged an assault or battery, but they have not identified the intentional tort claim they are asserting.  Jindal correctly asserts that any assault and battery claim would be barred by the statute of limitations.  *See* Miss. Code Ann. § 15-1-35 "(All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, for failure to employ, and for libels, shall be commenced within one (1) year next after the cause of such action accrued, and not after.").